VENEZOLANA INTERNACIONAL DE AVIACION, S.A. also called Venezuelan International Airways, d/b/a VIASA, Plaintiff,

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, Defendant.

No. 87–1690–CIV–GONZALEZ.

United States District Court, S.D. Florida, N.D.

Dec. 14, 1987.

George H. Tucker, Manners, Tucker & Damoorgian, Miami Lakes, Fla., for defendant.

Charles Robinson Fawsett, Shutts & Bowen, Orlando, Fla., for plaintiff.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court *sua sponte* upon review of *IAM's Motion to Dismiss Complaint for Reasons of Mootness or, Alternatively, Motion to Strike VIASA's Prayer for Relief Requesting Court Approval of the Use of Self Help in the Form of the Implementation of Its Collective Bargaining Proposals De-* *spite the Fact that the Mandatory Bargaining Provisions of the Railway Labor Act (Meeting and Conferring in Good Faith Regarding All Parties' Proposals) Have Neither Been Commenced nor Exhausted.*

Rule 12(f), Federal Rules of Civil Procedure, permits the court, on its own initiative, to "order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Furthermore, the general rules of pleading, applicable to all motions, require that pleadings and motions be "simple, concise and direct." *See* Fed.R.Civ.P. 8(e) and 7(b)(2).

The title of defendant's Motion is not simple, concise and direct as required by the rules. In fact, it appears that defendant has tried to argue its motion in the title. Such a tactic alarms the court, for

Words are like leaves; and where they most abound,

Much fruit of sense beneath is rarely found.

A. Pope, An Essay on Criticism (1711). For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that the title of the above-named motion shall be amended to read *IAM's Motion to Dismiss Complaint or, Alternatively, Motion to Strike.*